By the Court.—Sedgwick, Ch. J.
I am of opinion that the action was properly disposed of by the learned referee, for the reasons given by him.
If the claim was to adjust the accounts between- the defendants only, the exceptions to the power to direct such an account that are recognized in Elliott v. Pell (1 Paige, 268), and Jones v. Grant (10 Id. 350), would have to be applied. In the former case, it was said, “ But such decree between co-defendants to be binding upon them, must be founded upon and connected with the subject-matter in litigation between the complainant, and one or moreof the defendants.” The subject-matter litigated was, whether the plaintiff individually was entitled to an accounting. It was held that he was not. The conclusion was reached, either through proof that the firm of which he was a member was the party in interest, or by his failure to show that he was the party in interest. To my mind, it was no part of this litigation to take the accounts between the firm and the other parties.
Another difficulty is present. The appellant was not, on the face of his answer, entitled to an accounting between -the defendants Thomas Dusenbury and Benjamin Dusenbury, and the other parties, because the defendants Dusenbury were but two of the firm, of which the plaintiff was the third. The forms of procedure do not allow the prosecution of a joint claim *488 against parties who do not appear jointly as defendants or as plaintiffs. The provisions that allow a plaintiff, under certain circumstances, to make defendants parties whom he alleges are jointly interested with him, do not apply to such a case as this. The appellant’s remedy was to bring an action in which the members of the firm of Thomas Dusenbury & Co. should be defendants.
Judgment affirmed, with costs.
Speir, J., concurred.